UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIO PINEDA, on behalf of himself and all others similarly-situated,<br><br>  Plaintiff,<br><br>  -against-<br><br>JOBCO INCORPORATED, and COMMERCIAL CONTRACTORS CORP.,<br><br>  Defendants. | **COMPLAINT**<br><br>Docket No.:<br><br>Jury Trial Demanded |

JULIO PINEDA ("Plaintiff"), on behalf of himself and all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, STEVENSON MARINO LLP, as and for his Complaint against JOBCO INCORPORATED ("Jobco"), and COMMERCIAL CONTRACTORS CORP. ("CCC") (collectively, the "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish their employees with a wage notice containing specific categories of accurate information at hire, NYLL § 195(1); and (v) any other claim(s) that

1

can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants, a construction management company and a general contractor, which jointly employed Plaintiff as a non-managerial laborer from in or about June 2018 through September 3, 2018, during which period he performed manual labor on the Moxie Rigby public housing complex in Freeport, New York. As described below, for the duration of this employment period, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL, as Defendants failed to compensate Plaintiff at the statutorily-required overtime rate of pay for all hours that Plaintiff worked beyond forty in a workweek.

3. Additionally, Defendants failed to provide Plaintiff with a wage statement on each payday that accurately stated the total hours that Plaintiff worked each week or the NYLL § 195(1) New York State notice and acknowledgment of pay rate and pay day form upon hire that accurately listed all legally-required information concerning his terms and conditions of employment, including information about his employer and rates of pay.

4. Defendants' failure to pay overtime in violation of the FLSA and NYLL was not limited to Plaintiff, but also extended to all of Defendants' non-managerial laborers.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff additionally brings his claims under New York law on behalf of himself and any FLSA Plaintiff, as that term is defined below, who opts into this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all other persons similarly-situated during the

applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the NYCRR.

## JURISDICTION AND VENUE

7.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9.  At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Jobco was and is a New York corporation with its principal place of business located at 277 Northern Boulevard, Suite 203, Great Neck, New York 11021.

11. At all relevant times herein, CCC was and is a New York corporation with its principal place of business located at 40 Underhill Boulevard, Suite LB, Syosset, New York 11791.

12. At all relevant times herein, Defendants were and are jointly Plaintiff's "employers" within the meaning of the FLSA and NYLL. Additionally, both Defendants' qualifying annual business revenue individually exceeded and exceeds $500,000.00 for all relevant years, and Defendants were and are each engaged in interstate commerce within the meaning of the FLSA, as Defendants both employed two or more employees, accepted payments in cash that naturally moved across state lines, accepted credit cards as a form of payment based on cardholder

agreements with out-of-state companies, and bought and used construction materials, such as tools, equipment, and supplies, from outside of New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial laborers, who at any time during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, as well as on behalf of all those who are similarly-situated that Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

18. Under FRCP 23(b)(3), a plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and

    e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

    Current and former non-managerial laborers, who during the applicable NYLL limitations period, performed any work for any of the Defendants, or any of their successors-in-interest, in New York ("Rule 23 Plaintiffs").

### Numerosity

20. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

21. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants

5

required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (5) whether Defendants furnished and furnish Rule 23 Plaintiffs with an accurate wage notice at the time of hire containing the information required by NYLL § 195(1); (6) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (7) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (8) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

22. As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs as non-managerial laborers. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom Plaintiff seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York in excess of forty hours per week, yet Defendants routinely failed and fail to pay them at the rate of one and one-half their respective regular rates of pay, while also failing to provide them with accurate wage statements on each payday and with proper wage notices upon hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their regular rates for all hours worked per week in excess of forty, to be furnished with accurate wage statements on

each payday, and to be furnished with accurate wage notices upon hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

23. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime pay for all of his hours worked over forty each week, did not furnish him with accurate wage statements on each payday or a wage notice upon hire, which is substantially similar to how the Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

24. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

25. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26. Any lawsuit brought by any non-managerial laborer of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

27. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

28. Jobco is a construction management company located in Great Neck, New York, which provides property development and construction management services to various community projects, including public projects and residential buildings. Jobco was responsible for the construction and property management services provided to the Moxie Rigby project in Freeport, New York ("Freeport Project").

29. CCC is a general contracting service hired by Jobco that operated as a joint employer with Jobco by assisting the performance of the on-site construction services at the Freeport Project including the day-to-day supervision of the work performed by Jobco's laborers, the maintaining of the laborers' schedules, and the payment of wages to the laborers, including Plaintiff.

30. In June 2018, Jobco hired Plaintiff to work as a non-managerial laborer to perform carpentry services on the Freeport Project, a public project that required Jobco to pay Plaintiff the prevailing wage. At this time, Jobco contracted with K-Squared Developers, a general contracting service that at this time provided on-site construction services and jointly employed Plaintiff and Jobco's non-managerial manual laborers by assisting with the day-to-day operations and paying Plaintiff and Jobco's non-managerial manual laborers its wages. Jobco provided Plaintiff with an identification badge that identified him as a worker for Jobco and listed the location as "Moxey A.

Rigby Apartments." The identification badge also included Plaintiff's picture, name, and "K-Squared Developers."

31.     On or around July 11, 2018, Jobco terminated its contract with K-Squared Developers and hired CCC, another general contracting service that Jobco shifted into the place of K-Squared Developers as the general contractor. Jobco assigned CCC to the same Freeport Project and there was a continuity of all work functions performed by Plaintiff and Jobco's non-managerial laborers without any material change in duties or responsibilities that existed under K-Squared Developers. Thus, Plaintiff's employment at the Freeport Project, as well as the employment of all the laborers at the Freeport Project, was tied to Jobco and not any particular contractor that Jobco hired.

32.     CCC received all instructions for the work performed at the Freeport Project by Jobco and Plaintiff's duties were overseen on a regular basis by Jobco's project manager, Spiros Triantafyllou, who supervised the laborers approximately three times per week. CCC also employed a supervisor to jointly oversee the project and supervise Plaintiff on a daily basis, who went by the name of "Ali." Defendants were jointly responsible for setting the laborers' schedules and dictating the hours worked by the laborers, which Defendants routinely extended in order to complete the work that Jobco required to be completed each day. Defendants were also jointly aware of all the hours that Plaintiff worked and were jointly responsible for making sure that Plaintiff received the wages that Defendants owed.

33.     Jobco maintained the contract to perform work at the Freeport Project and all work that Plaintiff and the laborers performed was exclusive to Jobco's contract to perform work on the site. The Jobco-issued identification badge provided to Plaintiff permitted him to access the worksite to perform his work. Plaintiff additionally used equipment owned by Jobco to perform

his work. All of the work that Plaintiff performed was integral to Jobco's operation of the Freeport Project, as Jobco always remained responsible for the construction and property development of the Freeport Project.

34. On or around July 11, 2018, because K-Squared Developers failed to pay Plaintiff and Jobco's non-managerial laborers their outstanding wages owed, Jobco directly paid Plaintiff and all of its non-managerial laborers at the Freeport Project these wages. This payment enabled the laborers to continue working without any interruption as the contract shifted form K-Squared Developers to CCC.

35. During his employment, Plaintiff worked five or six days per week, commencing his work each day at approximately 7:00 a.m. and generally working until between 3:30 p.m. and 7:00 p.m. each day. Additionally, although Defendants permitted Plaintiff and the other laborers time to visit the food truck that showed up to the jobsite, Defendants automatically deducted one-half hour from Plaintiff's pay even though Plaintiff did not always receive a full thirty minutes for an uninterrupted break. Thus, Plaintiff routinely worked for Defendants between forty-two and one-half (42.5) and as many as seventy-two (72) hours per workweek.

36. For his work, Defendants paid Plaintiff at an hourly rate of $79.00 per hour, but failed to pay Plaintiff the statutorily applicable overtime rate of $118.50 for all hours that Plaintiff worked over forty in a workweek.

37. By way of example only, Plaintiff worked the following five days during the week of July 25 to July 31, 2018, according to the following schedule:

- Wednesday, July 25:   7:00 a.m. to 7:00 p.m.;
- Thursday, July 26:   7:00 a.m. to 7:00 p.m.;
- Friday, July 27:   7:00 a.m. to 4:30 p.m.;

- Saturday, July 28:   Off;

- Sunday, July 29:   Off;

- Monday, July 30:   7:00 a.m. to 7:00 p.m.;

- Tuesday, July 31:   7:00 a.m. to 7:00 p.m.;

Therefore, during this specific workweek, Plaintiff worked fifty-seventy and one-half (57.5) hours. For his work performed during this specific workweek, Defendant paid Plaintiff a total of $3,705.00. Thus, Defendants failed to pay Plaintiff at his overtime rate of $118.50 per hour for the seventeen and one-half (17.5) hours that Plaintiff worked in excess of forty that week.

38. Plaintiff's work performed for Jobco and CCC at the Freeport Project ended on September 3, 2018, which coincided with the end of Jobco's work on the Freeport Project. Thus, for the entirety of Plaintiff's duration of employment with Jobco, he worked exclusively and predominantly for Jobco.

39. Defendants paid Plaintiff on a weekly basis by check.

40. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement that accurately listed Plaintiff's actual hours worked for that week or the applicable regular and overtime rates of pay.

41. Upon Plaintiff's hire in June 2018, Jobco did not provide Plaintiff with any wage notice, let alone one that accurately contained, *inter alia*: Plaintiff's rate or rates of pay and basis thereof; whether he would be paid by the hour, salary, or in another manner; allowances, if any, claimed as part of the minimum wage, including tip or meal allowances; the regular payday designated by Jobco in accordance with the NYLL; the name of employer; any "doing business as" names used by the employer; the physical address of Jobco's main office or principal place of business, and a mailing address if different; and Jobco's telephone number.

11

42. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described herein.

43. Defendants acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

44. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

45. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

47. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

48. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

49. Defendants willfully violated the FLSA.

50. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

51. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## **SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

54. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

55. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

60. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with accurate wage statements containing the criteria required under the NYLL.

61. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

62. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish A Proper Wage Notice in Violation of the NYLL*

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

65. As described above, Defendant Jobco is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

66. As also described above, Defendant Jobco failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with any wage notice at hire, let alone one that accurately contained all of the criteria required under the NYLL.

67. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendant Jobco is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

68. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendant Jobco is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

69. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert

with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

      c.      An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

      d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing a form consenting to join the lawsuit pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      e.      Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

      f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

      g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      h.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and a service award to Plaintiff;

      i.      Designation of Plaintiff and Plaintiff's counsel as collective and class action representatives under the FLSA and the FRCP;

      j.      Pre-judgment and post-judgment interest, as provided by law; and

k.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        November 3, 2020

                                        Respectfully submitted,

                                        Stevenson Marino LLP
                                        *Attorneys for Plaintiff*
                                        75 Maiden Lane, Suite 402
                                        New York, New York 10038
                                        (212) 939-7229

By: _____
                                        Jeffrey R. Maguire, Esq.