**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JULIO PINEDA, on behalf of himself and all others similarly-situated,<br><br>  Plaintiff,<br><br>-against-<br><br>JOBCO INCORPORATED, COMMERCIAL CONTRACTING SERVICES INC. and JAIME DELAHUNT, individually,<br><br>  Defendants. | Index No.: 159335/2020<br><br>Docket No.: 20-cv-5321 (JMA)(SIL)<br><br>**DEFENDANT JOBCO'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT WITH CROSSCLAIM** |

Defendant, JOBCO INCORPORATED ("Jobco"), by and through its attorneys, VENABLE LLP, for its Answer to the Amended Complaint (the "Amended Complaint") filed by Plaintiff JULIO PINEDA on behalf of himself and others ("Plaintiff") as follows:

1. Paragraphs 1, 5-8, 13-14, 18-20, 22-23, 28, 47-48, 54-55, 60, 62-63, 65-66, and 68-69 of the Amended Complaint state legal conclusions for which no response is required. To the extent the Court deems that a response is required, Jobco denies all allegations set forth in those above-listed Paragraphs.

2. Jobco denies the allegations set forth in Paragraphs 2 and 9 of the Amended Complaint, except admits, upon information and belief, that Plaintiff was employed by Defendant Commercial Contracting Services, Inc. ("CCS") or MDC HI, Inc., both of which are owned by Defendant Jaime Delahunt, and was a non-managerial laborer from June 2018 through September 3, 2018, during which period he performed labor on the Moxey Rigby housing project in Freeport, New York (the "Moxey Rigby Project").

3. Jobco denies the allegations set forth in Paragraphs 3-4, 15-17, 21, 26, 39-46, 49-53, 56-59, 61, 64, 67, and 70 of the Amended Complaint in their entirety.

1

4. With regard to the allegations set forth in Paragraphs 11-12, 24-25, 27, 33, 36, and 38 of the Amended Complaint, Jobco denies knowledge or information sufficient to form a belief as to the truth of those allegations.

5. Jobco denies the allegations set forth in Paragraph 29 of the Amended Complaint, except admits that Jobco is a general contracting company located in Great Neck, New York, and that Jobco was responsible for certain construction services provided to the Moxey Rigby Project.

6. Jobco denies the allegations set forth in Paragraph 30 of the Amended Complaint, except admits, upon information and belief, that CCS is a concrete contracting service owned by defendant Jaime Delahunt and that Jobco retained CCS as an independent subcontractor to perform concrete work on the Moxey Rigby Project.

7. Jobco denies the allegations set forth in Paragraph 31 of the Amended Complaint, except admits that Jobco provided its subcontractors' workers with identification badges so as to allow them to gain access the Moxey Rigby Project site.

8. Jobco denies the allegations set forth in Paragraph 32 of the Amended Complaint, except admits that Jobco terminated its contract with K-Square Developers and thereafter retained CCS.

9. Jobco denies the allegations set forth in Paragraph 34 of the Amended Complaint, except admits to maintaining a contract to perform construction services at the Moxey Rigby Project and providing Plaintiff with an identification badge.

10. With regard to the allegations set forth in Paragraph 35 of the Amended Complaint, Jobco denies knowledge or information sufficient to form a belief as to the truth of those allegations, except admits that Jobco paid some of K-Square Developers' laborers on one occasion in July 2018 after the K-Square Developers' contract was terminated by Jobco.

11. Jobco denies the allegations set forth in Paragraph 37 of the Amended Complaint, except admits, upon information and belief, that Plaintiff's hourly rate was $79.00 per hour.

12. Jobco denies that Plaintiff is entitled to any of the relief described in the unnumbered paragraphs beginning with "wherefore" and lettered "a" through "k" in the Amended Complaint.

## AFFIRMATIVE DEFENSES

13. Jobco asserts the following defenses without assuming any burden of proof that Jobco does not have as a matter of law:

## FIRST DEFENSE

14. The Amended Complaint is barred in whole or in part for its failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

15. If Plaintiff suffered any damages as a result of the matters alleged in the Amended Complaint, such damages were caused in whole or in part by Plaintiff's own culpable conduct and/or the culpable conduct of one or both of co-defendants CCS and Jaime Delahunt. Any judgment recovered by Plaintiff must be reduced in proportion to the extent that his culpable conduct contributed to the alleged damages, and/or must be apportioned to CCS and Jaime Delahunt for their culpable conduct. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## THIRD DEFENSE

16. The Plaintiff's claims must fail, as Jobco acted in good faith, and not willfully, intentionally, or maliciously.

## FOURTH DEFENSE

17. The Amended Complaint is barred in whole or in part because Plaintiff, at all relevant times herein, was fully and justly compensated for all time he worked on the Moxey Rigby Project. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## FIFTH DEFENSE

18. The Amended Complaint is barred in whole or in part, because one or more of the claims concerns insignificant amounts of overtime work performed and/or other monies owed, if any. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## SIXTH DEFENSE

19. During the course of his employment with CCS, Plaintiff never complained to Jobco about any purported violations of applicable wage and hour laws, whether due to allegedly unpaid overtime wages or otherwise, and further failed to mitigate any of his alleged damages. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

## SEVENTH DEFENSE

20. The Plaintiff has not suffered any actual damages as a result of Jobco's actions or inactions. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

**EIGHTH DEFENSE**

21. The Plaintiff's claims are barred, in whole or in part, by documentary evidence. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

**NINTH DEFENSE**

22. The Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, payment and release, and/or consent. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

**TENTH DEFENSE**

23. Some or all of Plaintiff's claims are barred by the applicable statute of limitations, governing administrative time limitations, and/or contractual time limitations. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

**ELEVENTH DEFENSE**

24. Plaintiff cannot satisfy the requirements of a collective and/or class action, and some or all of the claims asserted in the Amended Complaint are barred, because Plaintiff is not similarly situated to the group of individuals he purports or otherwise seeks to represent, and/or members of the group of individuals Plaintiff purports or otherwise seeks to represent are not similarly situated to each other.

**TWELFTH DEFENSE**

25. Plaintiff cannot satisfy the requirements for a collective and/or class action because Plaintiff is an inadequate representative for the putative collective and/or class action and, as such,

the Court should not authorize notice to be issued or a collective and/or class action to be maintained.

### THIRTEENTH DEFENSE

26. This case is not appropriate for collective and/or class action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

### FOURTEENTH DEFENSE

27. A collective and/or class action is not superior to other available methods for the fair and efficient adjudication of this controversy. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

### FIFTEENTH DEFENSE

28. Plaintiff cannot prove any uniform policy or practice in violation of state or federal law. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

### SIXTEENTH DEFENSE

29. Some or all of the claims asserted in the Amended Complaint are barred, because the group of allegedly similarly-situated persons that Plaintiff purports to represent are not so numerous that joinder would be impracticable.

### SEVENTEENTH DEFENSE

30. Jobco acted in good faith and without willfulness in believing that it was, at all times, complying with all applicable provisions of state and federal law. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

### EIGHTEENTH DEFENSE

31. Jobco has not willfully failed to pay Plaintiff any wages and/or monies claimed to be due, and there is a *bona fide*, good faith dispute with respect to Jobco's obligation to pay any sum that may be alleged to be due. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

### NINETEENTH DEFENSE

32. Plaintiff may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery." This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

### TWENTIETH DEFENSE

33. Plaintiff's claims are barred, in whole or in part, because Jobco cannot be considered a joint employer. This defense also may apply to the claims of some or all of the purported class of allegedly similarly-situated persons.

### DEFENSES RESERVED

34. Defendant, Jobco, gives notices that it intends to rely upon such other and further defenses as may become available during the pretrial proceedings in this action and hereby reserves all rights to amend this answer and all such defenses to the Plaintiff's Amended Complaint asserted herein.

### CROSSCLAIM

### INDEMNIFICATION AGAINST
### CCS AND JAIME DELAHUNT

35. Jobco, by its counsel, alleges this crossclaim against Defendants CCS and Jaime Delahunt.

36. Jobco is a domestic corporation, duly organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 277 Northern Boulevard, Suite 203, Great Neck, New York 11021.

37. Upon information and belief, Plaintiff is a resident of the State of New York.

38. Upon information and belief, Defendant CCS is a domestic corporation, duly organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 40 Underhill Boulevard, Suite LB, Syosset, New York 11791.

39. Upon information and belief, Defendant Jaime Delahunt was and is CCS's owner and is a resident of the State of New York.

40. Upon information and belief, Defendants CCS and Jaime Delahunt employed Plaintiff and some or all of the purported class of allegedly similarly-situated persons.

41. Jobco did not employ Plaintiff or any of the purported class of allegedly similarly-situated persons.

42. According to the allegations of the Amended Complaint, Defendants CCS and Jaime Delahunt failed to pay overtime wages to Plaintiff(s).

43. In the event that Plaintiff is awarded any judgment against Jobco herein, Jobco demands that Jobco be granted indemnification in accordance with any applicable contracts, agreements, warranties, express or implied, third-party beneficiary status, and implied right of indemnity.

**REQUEST FOR RELIEF**

**WHEREFORE**, Defendant Jobco Incorporated respectfully requests that the Court grant a judgment dismissing Plaintiff's Amended Complaint against Jobco Incorporated in its entirety, and grant Jobco Incorporated's crossclaim as follows:

A.  With respect to Count I of Jobco's crossclaim, in the event that Plaintiffs, Julio Pineda, et al., is awarded any judgment against Jobco, Jobco demands that Jobco be granted indemnification from Defendants Commercial Contracting Services Inc. and/or Jaime Delahunt for the total amount of damages awarded pursuant to such judgment and costs awarded to Plaintiff;

B.  Pre-judgment and post-judgment interest as provided by law;

C.  Applicable attorneys' fees; and

D.  For such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 11, 2021

Respectfully submitted,

By: *Brian G. Lustbader*
Brian G. Lustbader, Esq.
Katherine R. Peluso, Esq.
1270 Avenue of the Americas
24th Floor
New York, New York 10020
Tel: (212) 307-5500
Fax: (212) 307-5598
bglustbader@venable.com
krpeluso@venable.com

*Attorneys for Jobco Incorporated*

To: Jeffrey R. Maguire, Esq.
Stevenson Marino LLP
75 Maiden Lane, Suite 402
New York, New York 10038
(212) 939-7229
*Attorneys for Plaintiff*