UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIO PINEDA, on behalf of himself and all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>JOBCO INCORPORATED, and COMMERCIAL CONTRACTING SERVICES INC., and JAIME DELAHUNT, individually,<br><br>Defendants. | **ORDER**<br>Civil Action No.: 20-cv-5321 (JMA)(SIL) |

### ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT

This matter comes before the Court on the Plaintiff's Motion for Preliminary Approval of the Class Action Settlement ("Motion"), which was filed on consent of Defendant Jobco Incorporated with the Court on May 17, 2021.

Having reviewed the Motion, and all documents and exhibits submitted therewith, this Court **GRANTS** preliminary approval of the settlement pursuant to Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216(b). Accordingly, the Court hereby **ORDERS** as follows:

### PRELIMINARY APPROVAL

(1) Upon preliminary review, the settlement reached by the parties, as set forth in both the Motion and in the Settlement Agreement, including the allocation formula, attorneys' fees and costs, service awards, and other terms, appears to be fair and reasonable to all involved, suffers from no obvious defects, was reached after arms-length negotiations between the parties, and appears to constitute a reasonable compromise of the claims and defenses in this matter.

(2) The Parties are directed to perform according to the terms of their Settlement

Agreement, except as expressly indicated otherwise by this Order or other ruling of this Court.

## CERTIFICATION OF SETTLEMENT CLASSES

(3) The Court hereby certifies, for settlement purposes only, the settlement classes, defined as:

    a. Under Fed. R. Civ. P. 23(a) and (b)(3), individuals that Plaintiffs have alleged were employed by Defendant as manual laborers that worked overtime hours at any time during the period of July 13, 2018 through September 28, 2018 at the Moxey Rigby Project located in Freeport, New York according to the time records maintained at the jobsite ("New York Class");

    b. Under 29 U.S.C. § 216(b), individuals that Plaintiffs have alleged were employed by Defendant as manual laborers that worked overtime hours at any time during the period of July 13, 2018 through September 28, 2018 at the Moxey Rigby Project located in Freeport, New York according to the time records maintained at the jobsite, and who timely submit a Claim Form, thereby opting into the settlement of all FLSA claims ("Federal Class").

(4) Pursuant to the Motion and attachments thereto, upon preliminary review, the Court, for settlement purposes only, finds that:

    a. The New York Class is sufficiently numerous that joinder of all putative Class Members under the circumstances of this litigation and the settlement thereof is impracticable, therefore satisfying the requirements of Rule 23(a)(1);

    b. There are questions of law or fact common to the Class Members, therefore satisfying the requirements of Rule 23(a)(2);

    c. The claims of the Named Plaintiff are typical for settlement purposes of the

claims of the Class Members, satisfying the requirements of Rule 23(a)(3);

 d. The Named Plaintiff, Julio Pineda, as the representative party, will fairly and adequately protect the interests of each Class Member, therefore satisfying the requirements of Rule 23(a)(4);

 e. The Named Plaintiff, Julio Pineda, is hereby appointed as Class Representative;

 f. Stevenson Marino LLP is hereby appointed as Class Counsel;

 g. Questions of law and fact common to the members of the New York Class, considered in the context of and in light of settlement, predominate over questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient settlement of the controversy, satisfying the requirements of Rule 23(b)(3); and

 h. For similar reasons to those set forth above, certification of the Federal Class for purposes of 29 U.S.C. § 216(b) is appropriate for settlement purposes only.

(5) Certification of the New York Class and Federal Class is contingent on and for purposes of settlement only. If this settlement does not become final for any reason, Plaintiffs and Defendant Jobco shall be restored to their respective positions as if no settlement had been reached. Moreover, if this settlement does not become final for any reason, Defendant Jobco shall not have waived any objections that it may have or may have asserted to the certification of any class or collective under Rule 23 and/or decertification under 29 U.S.C. § 216(b), nor shall this Order be deemed to have any preclusive or precedential value with respect to the appropriateness of certification of any such class or final certification of any such collective for any other purposes or in any other circumstances.

## NOTICE TO SETTLEMENT CLASS MEMBERS

(6) The Parties' proposed Notice of Pendency of Class Action Settlement ("Notice"), attached as Exhibit B to the Declaration of Jeffrey R. Maguire ("Maguire Declaration") submitted with the Motion, and the Claim Form attached as Exhibit C to the Maguire Declaration, are hereby approved, are found to be a reasonable means of providing notice to Class Members under the circumstances, and when completed, shall constitute due and sufficient notice of the settlement to all persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

(7) Class Counsel has designated, Defendant Jobco has consented to, and the Court hereby appoints Arden Claims Service, LLC ("Claims Administrator") to be responsible for communicating with Class Members, disseminating the Notice, accepting and maintaining documents sent by Class Members, including Claim Forms, Opt-out statements, objections, and other documents relating to claims administration, and administering claims for allocation, according to the formula set forth in the Settlement Agreement.

(8) By no later than April 29, 2022 (ten (10) days after entry of this Order), Defendant Jobco is to furnish to the Claims Administrator and Class Counsel, in electronic form, with a list of all Class Members, identified by: (i) name; (ii) last known address; (iii) social security/tax identification numbers; and (iv) weeks worked during the time period from July 13, 2018 until September 25, 2018. The list will be contained in a confidential document that Defendant Jobco shall provide to the Claims Administrator and Class Counsel. The list is to be used by the Claims Administrator to effectuate the settlement and may not be disseminated or used for any other purpose.

(9) The Parties are directed to require the Claims Administrator to send the Notice and

Claim Form referenced in Paragraph (6) above to putative class members by May 29, 2022 (thirty (30) days after entry of this Order).  **Prior to May 29, 2022, Class Counsel shall file a motion for an award of attorney's fees and a motion for service awards.  If necessary, Plaintiffs and Class Counsel can supplement these filings prior to the Final Fairness Hearing.**

(10)   The Parties may make minor, non-substantive revisions to the Notice and Claim Form following the issuance of this Order as they deem appropriate and necessary and insert deadlines and dates consistent with this Order without requiring further Court involvement.

(11)   The cost of notice, and as incurred, processing of claims and related costs, shall be paid from the settlement fund, as provided for in the Settlement Agreement.

### JOINING OR OPTING OUT OF THE SETTLEMENT

(12)   As described in the Notice, any potential Class Member may opt out of the Class by sending via First Class United States Mail, postage prepaid, fax, or email, a written, signed statement to the Claims Administrator that states that he or she is opting out of the settlement, and that includes his or her name, address, and telephone number, and the following statement: "I opt out of the Jobco wage and hour settlement" to be postmarked or received by on or before July 28, 2022 (sixty (60) days after notices are mailed as referenced in Paragraph (9) above). Individuals who request exclusion shall not be entitled to share the benefits of the settlement, nor be bound by any judgment in connection with this litigation, whether favorable or adverse.

(13)   Any Class Member who does not properly and timely mail a letter requesting to be excluded as set forth above shall be included in the New York Class, and shall be bound by all of the terms and provisions of the Settlement Agreement pertaining to the released claims as defined in the Settlement Agreement, including the release of such claims, whether or not such Class Member has objected to the Settlement Agreement and whether or not such Class Member participates in the settlement by negotiating his/her check.

(14) As also described in the Notice, any potential Class Member may object to the settlement by sending via First Class United States Mail, postage prepaid, fax, or email, a written and signed statement to the Claims Administrator that refers to the "Jobco Settlement," states the name, address, telephone number, and provides a written statement that includes all reasons for the objection with any supporting documentation. The written objection must also include the following statement: "The information contained in this statement is truthful and accurate to the best of my knowledge." Any objection must be postmarked or received by on or before July 28, 2022 (sixty (60) days after notices are mailed as referenced in Paragraph (9) above). Any individual who wishes to object to the settlement must still submit a Claim Form to receive money as part of the settlement, as described in Paragraph (15), below.

(15) As described in the Notice, any potential Class Member may participate in the settlement by returning to the Claims Administrator his or her executed Claim Form, which must be postmarked or received by on or before July 28, 2022 (sixty (60) days after notices are mailed as referenced in Paragraph (9) above).

(16) Any Class Member who timely executes and returns his or her Claim Form shall be included in the New York *and* Federal Class and shall be bound by all of the terms and provisions of the Settlement Agreement pertaining to the released claims as defined therein, including the release of such claims, whether or not such individual has objected to the Settlement Agreement, and whether or not such individual timely negotiates his/her check.

## **FAIRNESS HEARING AND FINAL APPROVAL**

(17) Class Counsel shall file Plaintiffs' Motion for Final Approval by on or before August 27, 2022 (date no sooner than thirty (30) days after deadline for submission of Claim Forms, opt-out statements, and/or objections as referenced in Paragraphs (12), (13), (14),

(15), (16) and (19)).

(18)    The Court will hold a Fairness Hearing on the above-referenced settlement on September 28, 2022            (date on or about thirty (30) days after the Motion deadline referenced in Paragraph (17) above) at 5:30 PM            (time), in Courtroom 920 at the United States District Court, Eastern District of New York, 100 Federal Plaza, Central Islip, New York 11722.

(19)    Any Class Member who has not filed an Opt-out Statement may appear at the Fairness Hearing in person or by counsel and may be heard, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement, the allocation formula, or Class Counsel's request for attorneys' fees and service awards, provided that such person, individually or through counsel, sends his/her written objection(s) to the Administrator, through first class mail, fax, or email, postmarked or received by the Claims Administrator by no later than July 28, 2022            (sixty (60) days after the initial mailing of Notice to the Class referenced in Paragraph (9) above). Any individual who wishes to appear at the hearing and be heard must affirmatively state so in his/her objection. Any individual who wishes to appear at the hearing and be heard through counsel must also affirmatively state so in his/her objection, and must have his/her counsel, if any, file a notice of appearance by no later than September 14, 2022 (fourteen (14) days prior to the date of the fairness hearing).

(20)    Any Class Member who does not make his/her objection in the manner and by the time provided herein shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Settlement Agreement or to the award of attorneys' fees to Class Counsel or service awards to any Plaintiff, unless otherwise ordered by the Court.

(21) The Claims Administrator will stamp the date received on the original and send copies of each Claim Form, objection, and/or opt-out statement, with supporting documents, to Class Counsel and Defendant Jobco's Counsel by email, to be delivered no later than August 2, 2022 (three (3) business following the sixty (60) day submission period set forth in Paragraph twelve (12), and as set forth in Paragraphs (13), (14), and (15)).

(22) The date, time, and location of the Fairness Hearing shall be set forth in the Notice but shall be subject to change by the Court without further notice to the Class Members other than that which may be posted at the Court or on the Court's website or docket. The Court may approve the Settlement Agreement, if appropriate, without further notice to the Class Members.

## TERMINATION OF SETTLEMENT AND FUTURE RELIANCE

(23) In the event that the settlement is terminated in accordance with the provisions of the Settlement Agreement, the settlement and all proceedings had in connection therewith shall be null and void, except to the extent such nullification and voidance would be contrary to the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Defendant Jobco, and the members of the Settlement Classes. In the event that any party terminates the Settlement Agreement, the terminating party shall be responsible for paying all of the Claims Administrator's fees incurred or that are otherwise owed to the Claims Administrator, subject to the terms agreed to by the Parties in the Settlement Agreement.

(24) In accordance with the Settlement Agreement, neither the Settlement Agreement itself, nor any of the negotiations, statements, and proceedings in connection therewith, including the Court's entry of this Order as well as any Final Order regarding the settlement, shall be construed or deemed to be evidence of:

    a. An admission or concession by Defendant Jobco, any other Releasees (as

that term is defined in the Settlement Agreement), Plaintiffs, any member of the settlement classes, or any other person regarding the truth or falsity of any claim or allegation in this litigation;

        b.        An admission by Defendant Jobco or any other Releasees of liability, fault, or wrongdoing; or

        c.        An opinion of this Court as to the appropriateness of class action certification under Fed. R. Civ. P. 23 and/or FLSA final collective action certification under 29 U.S.C. § 216(b) outside the particular circumstances described herein.

**SO ORDERED** this 19th day of April 2022.
**Central Islip, NY**

/s/ (JMA)
_____
THE HONORABLE JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE